IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

---

KIMMINAU LAW FIRM, P.C.,
*Plaintiff/Appellant/Cross-Appellee,*

*v.*

MELODY HOOPES,
*Defendant/Appellee/Cross-Appellant.*

No. 2 CA-CV 2025-0248
Filed July 13, 2026

---

Appeal from the Superior Court in Pima County
No. C20202695
The Honorable Wayne E. Yehling, Judge

**AFFIRMED**

---

COUNSEL

Kimminau Law Firm P.C., Tucson
By Chris J. Kimminau
*Counsel for Plaintiff/Appellant/Cross-Appellee*

Mesch Clark Rothschild, Tucson
By Nathan S. Rothschild and Andrew Richards
*Counsel for Defendant/Appellee/Cross-Appellant*

## OPINION

Vice Chief Judge Eppich authored the opinion of the Court, in which Presiding Judge Vásquez and Chief Judge Staring concurred.

E P P I C H, Vice Chief Judge:

**¶1**        This appeal arises from a retainer fee agreement entered into by Melody Hoopes with Kimminau Law Firm, P.C. ("Kimminau") to represent her in her dissolution of marriage proceedings. The issues presented in this contract case are whether Arizona law and substantial evidence support Hoopes's defense of equitable recoupment, whether she was entitled to a jury trial, whether the trial court gave proper jury instructions, whether the court erred by denying Kimminau's motion for a new trial, and whether the court erred by awarding Hoopes her attorney fees. For the following reasons, we affirm.

## Factual and Procedural Background

**¶2**        "We view the facts in the light most favorable to upholding the judgment." *Paz v. City of Tucson*, 256 Ariz. 391, ¶ 2 (App. 2023). Hoopes hired Kimminau to represent her in her dissolution of marriage proceedings in 2015. During that representation, Kimminau failed to request Hoopes's share of her former husband's pension under *Koelsch v. Koelsch*, 148 Ariz. 176 (1986), until almost a year after receiving the necessary disclosure, and months after the parties had already settled. A year later, Hoopes fired Kimminau and hired another attorney. Kimminau then sent Hoopes an invoice for services rendered between the time he requested Hoopes's share of the pension and his firing, which Hoopes did not pay.

**¶3**        In June 2020, Kimminau sued Hoopes for the unpaid invoice, alleging breach of contract and seeking damages of $19,304.81 plus interest. Hoopes admitted she had entered a contract with Kimminau but disputed the balance owed, claiming she did not receive "legal services" as contemplated by the contract, there was not adequate consideration to justify the fee requested, and several affirmative defenses, including equitable recoupment. Kimminau moved for summary judgment, contending Hoopes's allegations of legal malpractice could not be a defense to a breach of contract claim unless "there is a specific promise in the contract" that he violated through professional malpractice. The court

denied the motion, finding questions of fact existed as to whether Kimminau fully performed under the contract and the value of any services provided. After trial, a jury found Kimminau did not prove that Hoopes had breached the contract. The court awarded Hoopes her attorney fees and costs.

¶4 Kimminau appealed, and this court vacated the jury's verdict concluding that, as a matter of law, "Kimminau's allegedly incompetent performance d[id] not constitute a breach of the fee agreement between the parties" thus Hoopes's "failure of consideration defense fail[ed]." *Kimminau Law Firm, P.C. v. Hoopes*, No. 2 CA-CV 2022-0005, ¶ 17 (Ariz. App. May 10, 2023) (mem. decision). However, this court determined that the trial court did not err by denying Kimminau's motion for summary judgment on Hoopes's equitable recoupment defense. *Id.* ¶ 18. Because the jury appeared to have returned its verdict based on the failure of consideration, this court ordered the trial court to grant Kimminau's motion for summary judgment as to the breach of contract issue but remanded the case for Hoopes to litigate her equitable recoupment defense. *Id.* ¶¶ 17-18, 27.

¶5 More than six months after this court issued its mandate, Kimminau filed a motion for entry of judgment with the trial court, which the court denied. The court then granted Kimminau partial summary judgment on his breach of contract claim and the damages owed. The court also found that Hoopes was entitled to a jury trial on her affirmative defense of recoupment, which, if successful, would reduce up to, but not exceeding, the amount owed to Kimminau for damages. After trial, the jury found Hoopes entitled to equitable recoupment of $30,156.93 against the $19,304.81 owed to Kimminau. Kimminau filed a motion for a new trial, claiming the verdict was not supported by the evidence and the court had erred by denying a jury instruction. The court denied the motion and, upon Hoopes's motion, awarded Hoopes her attorney fees and costs pursuant to A.R.S. §§ 12-332, 12-341, and 12-341.01. Kimminau appealed, and we have jurisdiction pursuant to article VI, § 9 of the Arizona Constitution and A.R.S. §§ 12-2101(A)(1), (A)(2) and 12-120.21.[1]

---

[1]Hoopes filed a cross-appeal. However, given our disposition, we need not address it. *See Progressive Specialty Ins. Co. v. Farmers Ins. Co. of Ariz.*, 143 Ariz. 547, 548 (App. 1985) (appellate court should not "decide issues unless it is required to do so in order to dispose of the appeal under consideration").

## Discussion

### I. Judgment as a Matter of Law

**¶6** Kimminau asserts the trial court erred by denying his motion for judgment as a matter of law (JMOL). We review the denial of a motion for JMOL de novo, but we view the evidence in the light most favorable to Hoopes. *See Dupray v. JAI Dining Servs. (Phx.), Inc.*, 245 Ariz. 578, ¶ 11 (App. 2018).

**¶7** On the last day of trial, Kimminau moved for JMOL, asserting insufficient evidence to find he fell below the standard of care, and that Hoopes had failed to establish both the elements of equitable recoupment and her claimed amount of damages.[2] The court denied the motion.

**¶8** The trial court may grant a JMOL against a party if the "party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Ariz. R. Civ. P. 50(a)(1). "Recoupment is an equitable doctrine which can be used to reduce or eliminate a judgment." *Ness v. Greater Ariz. Realty, Inc.*, 117 Ariz. 357, 360 (App. 1977). It is a defense that "goes to the very existence and foundation of [a] plaintiff's claim," and therefore must "aris[e] out of some feature of the transaction upon which the plaintiff's action is grounded." *Aetna Fin. Co. v. Pasquali*, 128 Ariz. 471, 473 (App. 1981) (quoting *Bull v. United States*, 295 U.S. 247, 262 (1935)). Recoupment cases generally involve some natural equity arising from the transaction, such as a plaintiff's failure to comply with a cross-obligation of the contract sued on, or some violation of a duty imposed on the plaintiff by law. 20 Am. Jur. 2d *Recoupment or reconvention* § 5 (2026). In Arizona, it has been used to permit a defendant to recoup damages suffered from fraud, breach of warranty, breach of contract, or negligence on the plaintiff's part arising out of the transaction in question. *See Light v. Chandler Improvement Co.*, 33 Ariz. 101 (1928) (breach of warranty can support a recoupment defense); *W. J. Kroeger Co. v. Travelers Indem. Co.*, 112 Ariz. 285, 286 (1975) (recoupment defense appropriate where insurance company sued for payment and defendant alleged policy claim had been improperly denied); *Ness*, 117 Ariz. at 359-60 (recoupment defense available where defendant asserted negligence arising out of transaction); *Morris v. Achen Constr. Co.*, 155 Ariz. 507, 509-10 (App. 1986) (breach of contract,

---

[2]On appeal, Kimminau does not appear to challenge Hoopes's claimed damages in the context of his JMOL motion.

negligence, and fraud can support a recoupment defense), *vacated in part on other grounds*, 155 Ariz. 512 (1987); *cf. Aetna Fin. Co.*, 128 Ariz. at 473 (alleged violation of Truth-in-Lending Act was extrinsic to promissory note and did not support recoupment); *but see Nogales Serv. Ctr. v. Atl. Richfield Co.*, 119 Ariz. 552, 554 (App. 1978) ("The alleged breach of contract and antitrust violations are extrinsic to the promissory notes and as such do not invoke the principles of recoupment.").

¶9        Kimminau argues Hoopes failed to establish a defense of equitable recoupment as a matter of law because his negligent representation was extrinsic, not intrinsic to the fee agreement—the transaction upon which his action is grounded—making the defense of equitable recoupment unavailable.   This court, however, already determined in its prior decision, citing *Ness*, that negligence can support an equitable recoupment defense in this case.   *Kimminau Law Firm, P.C.*, 2 CA-CV 2022-0005, ¶ 18.   Indeed, we determined that "an issue of fact existed concerning whether Kimminau had been negligent in connection with [Hoopes]'s representation" and did not reverse the trial court's denial of Kimminau's motion for summary judgment as to Hoopes's equitable recoupment defense.   *Id.*   Thus, this issue is arguably precluded under the law of the case doctrine.[3]   *See Lennar Corp. v. Transamerica Ins. Co.*, 227 Ariz. 238, ¶ 12 (App. 2011) ("[O]nce an appellate court has decided a legal issue, that decision is the law of that case in subsequent superior court proceedings and the decision will not be reconsidered in a second appeal, provided the facts, issues and evidence are substantially the same. . . ."); *see also Glazer v. State*, 237 Ariz. 160, ¶ 29 (2015) ("The standards for granting or denying a motion for JMOL and a motion for summary judgment are the same.").

---

[3]Kimminau appears to argue that the law of the case doctrine does not apply here because the recoupment issue was not properly before this court in his first appeal.  We disagree.  Kimminau had specifically appealed the trial court's denial of his motion for summary judgment—which included his claim that Hoopes's recoupment defense failed as a matter of law.  Thus, the validity of Hoopes's recoupment defense was squarely before our court and was directly addressed when we determined the trial court had not erred by denying Kimminau's motion for summary judgment as to Hoopes's recoupment defense.  *See Kimminau Law Firm, P.C.*, 2 CA-CV 2022-0005, ¶ 18.

**¶10**		In any event, the trial court did not err by denying Kimminau's JMOL motion.  Kimminau confuses Hoopes's affirmative defense of recoupment with a professional malpractice action against him, arguing that the latter is extrinsic from their fee agreement and therefore cannot support a recoupment defense.  To support this contention, Kimminau cites caselaw interpreting A.R.S. § 12-341.01, a fee-shifting statute granting courts the discretion to award attorney fees to successful parties in actions "arising out of a contract."  *See Barmat v. John and Jane Doe Partners A-D*, 155 Ariz. 519, 521-23 (1987); *Baird v. Pace*, 156 Ariz. 418, 422 (App. 1987).  In part because "[s]tatutes and common law practices that require the losing party to pay the successful party's attorney's fees are contrary to traditional American jurisprudence"; the "arising out of a contract" language of the statute has been interpreted narrowly. *Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 391 (1985).  As such, our supreme court has determined that negligence claims brought against attorneys by former clients are not considered to "aris[e] out of a contract" as contemplated by § 12-341.01 absent a specific provision in the contract promising a specific duty of care.  *Barmat*, 155 Ariz. at 523.

**¶11**		But Hoopes is not bringing an independent negligence action against Kimminau, instead asserting negligence to support her affirmative defense of equitable recoupment.  The "arising out of" analyses in *Wagenseller* and *Barmat* are not instructive to the present case.  They ultimately preclude the fee-shifting statute's application to tort cases because it did not appear that "the legislature intended so broad a reading of the statute."  *Barmat*, 155 Ariz. at 521; *see Wagenseller*, 147 Ariz. at 391. Here we are not considering legislative intent, but a common law principle. *See Stone v. White*, 301 U.S. 532, 534, 539 (1937).  Given the difference in context, the requirement that a recoupment defense "aris[e] out of some feature of the transaction," *Aetna Fin. Co.*, 128 Ariz. at 473, is necessarily broader than the requirement an action "arise out of a contract" in a fee-shifting context, *see Orca Commc'ns Unlimited, LLC v. Noder*, 236 Ariz. 180, ¶ 10 (2014) ("Absent a clear manifestation of legislative intent to displace a common-law cause of action, 'we interpret statutes with every intendment in favor of consistency with the common law.'" (quoting *Pleak v. Entrada Prop. Owners' Ass'n*, 207 Ariz. 418, ¶ 12 (2004))).  We are thus not bound by the narrow interpretation of the fee-shifting statute language when determining whether Kimminau's negligent representation arose out of some feature of his fee agreement with Hoopes, nor do we believe it to be appropriate in this case.

¶12        Citing *DeSilva v. Baker*, 208 Ariz. 597 (App. 2004), Kimminau also argues that because a professional negligence claim, absent a special contractual agreement, is not a breach of contract claim, Hoopes's allegation of negligence against him does not "arise" from their contract. However, as mentioned above, Hoopes's claim does not need to qualify as a breach of contract claim to support a recoupment defense. Recoupment is not a counterclaim, but an equitable defense that is separate from an independent action. *See Granmo v. Superior Court*, 122 Ariz. 510, 512 (App. 1979) (recognizing distinction between recoupment defense and counterclaim). That Hoopes cannot bring a separate action against Kimminau for breach of contract is irrelevant to our analysis of her recoupment claim.

¶13        Instead, we can look to other recoupment cases where negligence has supported a recoupment defense. In *Morris*, the plaintiffs sued the defendants for breach of contract for failing to pay for construction services provided. 155 Ariz. at 508-09. The defendants counterclaimed for breach of contract, negligence, and fraud for damages caused by plaintiffs' defective construction work. *Id.* at 509. This court determined that these counterclaims were better categorized as a recoupment defense and concluded that such a defense was permissible because it arose out of the same transaction on which the plaintiffs' breach of contract was based. *Id.* at 510. *Morris* is sufficiently analogous here. The fee agreement informed Hoopes of the nature and scope of Kimminau's services as her attorney. Kimminau sued for breach of contract based on this fee agreement, and Hoopes argued his subsequent negligent representation caused her harm which could be used as a recoupment against his bill for services. Similar to *Morris*, Kimminau's negligence arose out of some feature of his agreement to represent Hoopes, which supports Hoopes's recoupment defense. *See id.* For all these reasons, the trial court did not err by denying Kimminau's motion for JMOL.[4]

---

[4]At oral argument, Kimminau initially denied that there is an implied covenant of good faith and fair dealing in a fee and retainer agreement for legal services. When pressed further, however, he conceded that such agreements do include such a covenant. Later in his argument, Kimminau conceded that such a covenant could be considered intrinsic to the contract, and that the breach of said covenant would therefore provide a basis for recoupment.

## II. Jury Trial

**¶14** Kimminau asserts the trial court erred by allowing a jury to consider Hoopes's equitable defense because Arizona law requires equitable claims be decided by a court and not a jury. "Whether a party is entitled to a jury trial is a question of law we review de novo." *Carey v. Soucy*, 245 Ariz. 547, ¶ 12 (App. 2018).

**¶15** Before the second trial, Kimminau filed a request for a status conference where he noted to the trial court that because "the only remaining claim for recoupment is an equitable claim," the matter should not be set for a jury trial. Hoopes filed a position statement in response, asserting that because her recoupment defense is an affirmative defense arising from a contract claim, she is entitled to a jury trial. The court held a status conference where it found that the issue of equitable recoupment was appropriate for a jury to consider because it went to the amount of damages, if any, to be awarded to Kimminau.

**¶16** "An action for breach of contract, compensable in monetary damages, is an action at law and entitles the aggrieved party to trial by jury." *Tanner Cos. v. Superior Court*, 123 Ariz. 599, 601 (1979). Additionally, where there is a material factual dispute regarding an affirmative defense, the question of fact is generally resolved by a jury. *Lee v. State*, 225 Ariz. 576, ¶ 13 (App. 2010). However, Arizona law also establishes that when a claim or defense sounds in equity, "the trial court is the fact-finder." *McCloud v. State*, 217 Ariz. 82, ¶ 9 (App. 2007).

**¶17** Here, Hoopes's defense of recoupment is both an affirmative defense and an equitable defense. Because her defense is based on Kimminau's negligence and has all the features of an affirmative defense, we see no reason to require the court be the factfinder in this case instead of a jury. *See Lee*, 225 Ariz. 576, ¶ 13. Arizona courts have allowed juries to consider a recoupment defense in several cases. *See, e.g.*, *Summers v. Gloor*, 239 Ariz. 222, ¶ 4 (App. 2016); *Morris*, 155 Ariz. at 509-10; *see also SiteLock LLC v. GoDaddy.com LLC*, 562 F. Supp. 3d 283, 313 (D. Ariz. 2022) (issue of material fact in regard to recoupment defense appropriate for jury); *cf. Light*, 33 Ariz. at 103 (advisory jury considered recoupment defense). Indeed, in *Summers*, this court differentiated the defendants' recoupment defense from her equitable counterclaim of unjust enrichment, concluding the former was appropriately decided by the jury while the latter was decided by the court. 239 Ariz. 222, ¶ 4.

¶18　　　　When faced with the same question, the supreme court of Nebraska recently determined that because recoupment is "merely equitable insofar as it allows consideration of an issue that would otherwise not be considered as part of the plaintiff's cause of action," it can be tried by a jury when "[i]t solely concerns the balance" of the damages owed to the plaintiff. *Konecne v. Abram, LLC*, 26 N.W.3d 44, 62-63 (Neb. 2025). We find this analysis persuasive. Hoopes's recoupment defense similarly addresses the damages Kimminau is entitled to as part of his breach of contract claim. Thus, the court did not err by allowing the jury to consider Hoopes's recoupment defense insofar as there was a question of fact as to Kimminau's negligence and the amount of damages to award him for Hoopes's breach of contract. *See Tanner Cos.*, 123 Ariz. at 601; *Lee*, 225 Ariz. 576, ¶ 13.[5]

**III. Jury Instructions**

¶19　　　　Kimminau contends the trial court erred by denying his requested recoupment jury instruction and further erred by giving an instruction that incorrectly stated the law. We review the court's denial of a requested jury instruction for an abuse of discretion. *See Cavallo v. Phx. Health Plans, Inc.*, 254 Ariz. 99, ¶ 15 (2022). We review whether a jury instruction adequately states the law de novo. *Id.*

¶20　　　　Before trial, Kimminau requested a recoupment instruction that stated, in relevant part:

> Recoupment is a reduction by the Defendant of part of the Plaintiff's claim because of a right in the Defendant arising out of the express contractual obligations of Plaintiff. It is

---

[5]Kimminau's briefing fails to identify any specific prejudice resulting from the jury having decided the recoupment issue. When asked at oral argument whether he needed to establish prejudice in order to be entitled to relief, he responded: "I don't know the answer to that question. How's that sound? And, I will say that I'm not going to spend any time on that, on the jury issue, because I don't really think that's the most important thing here." While we are mindful of counsels' desire to marshal their argument time as they see fit, we also appreciate meaningful answers to questions we pose. *See* Ariz. R. Civ. App. P. 18(b)(3) (identifying whether oral argument would significantly aid court in deciding appeal as factor to consider in deciding whether to grant request for argument).

confined to the contract on which Plaintiff sues. It cannot be based upon any duty or obligation not contained in the contract itself. Thus, the Defendant must prove by the preponderance of the evidence:

1. Plaintiff breached an express stated term of the fee agreement;

2. Defendant was damaged; and

3. Defendant's damages.

Kimminau also requested a special interrogatory be submitted to the jury, requiring them to identify the express stated term of the fee agreement breached by Kimminau if they found in favor of Hoopes.

¶21 The trial court denied the instruction and the special interrogatory, instead adopting an instruction similar to the one requested by Hoopes, which read, in relevant part:

In order to prevail on her defense of recoupment [Hoopes] must show that [Kimminau]'s breach of [his] duty to her caused her harm. [Hoopes] accordingly must prove:

1. [Kimminau] breached a duty owed to [Hoopes];

2. [Hoopes] was injured; and

3. [Hoopes]'s damages.

¶22 Kimminau objected to the form of the instruction because it did not require the jury to identify a specific provision in the contract he had breached if he had been negligent in his representation. In response, Hoopes contended that no Arizona case requires a defendant show a breach of an express term in a contract in order to prove recoupment. Kimminau agreed, but he then argued that recoupment requires "something that is intrinsic to the contract, so you have to identify a duty that's intrinsic to the contract." The court denied the objection, citing to this court's previous decision that negligence can support a recoupment defense in this case.

¶23   Kimminau reasserts on appeal that by not requiring the jury to determine if his negligence was intrinsic to the fee agreement, the provided jury instruction "completely misstates the law." However, as we have explained, recoupment does not need to be based on a duty expressly written in the contract, but instead must not be extrinsic to the transaction upon which the plaintiff's action is based. *See Morris*, 155 Ariz. at 510; *Aetna Fin. Co.*, 128 Ariz. at 473. Kimminau's requested instruction requiring the jury to identify an express term in the agreement that Kimminau breached through his negligence is not supported by Arizona law, and the court did not abuse its discretion by denying it. *See Miller v. Arnal Corp.*, 129 Ariz. 484, 490 (App. 1981) ("An instruction which misstates the law is properly rejected.").

¶24   Further, the given instruction was a correct statement of law. And the ensuing instructions covered all the elements of negligence, which formed the basis for Hoopes's recoupment defense. *See Glaze v. Larsen*, 207 Ariz. 26, ¶ 12 (2004) (party asserting negligence must show duty, breach, causation, and damages). As discussed above, negligence can support a recoupment defense in this case. *See Ness*, 117 Ariz. at 360. Thus, the trial court did not err by giving this instruction, nor did it err when it denied Kimminau's motion for a new trial on the same ground.

## IV. Verdict Contrary to the Evidence

¶25   Kimminau asserts the trial court erred by denying his motion for a new trial because the verdict is "contrary to clearly established Arizona law and not supported by the evidence." We review the trial court's denial of a motion for a new trial based on insufficient evidence for a manifest abuse of discretion. *Ogden v. J.M. Steel Erecting, Inc.*, 201 Ariz. 32, ¶ 15 (App. 2001). "If any substantial evidence could lead reasonable persons to find the ultimate facts to support a verdict, the judgment must be affirmed." *Id.*

¶26   At trial, Hoopes presented evidence that Kimminau failed to timely identify and raise the *Koelsch* claim and presented expert testimony that this failure fell below the minimum standards of competence for an attorney practicing family law. Hoopes also presented evidence of the financial damages she incurred from this failure.

¶27   On appeal, Kimminau argues that Hoopes did not incur any damages because the trial court entered a judgment accounting for the money Hoopes did not receive from her former spouse. However, Hoopes presented evidence at trial that this judgment did not relieve her of her

damages because she cannot execute it unless her former spouse fails to make a payment or fails to obtain a life insurance policy. We do not reweigh evidence on appeal. *See Adroit Supply Co. v. Elec. Mut. Liab. Ins. Co.*, 112 Ariz. 385, 390 (1975). And based on the evidence Hoopes presented, a reasonable person could find that Kimminau's negligence had caused her to incur damages. *See Glaze*, 207 Ariz. 26, ¶ 12. Therefore, the court did not abuse its discretion denying Kimminau's motion for a new trial based on insufficient evidence to support the verdict. *See Ogden*, 201 Ariz. 32, ¶ 15.

## V. Trial Attorney Fees

**¶28** Kimminau contends the trial court erred by awarding Hoopes her attorney fees. We review de novo whether Hoopes can be awarded fees under § 12-341.01. *Burkett v. Dryja*, 260 Ariz. 1, ¶ 7 (App. 2025).

**¶29** Under § 12-341.01, the court may award the successful party their attorney fees "[i]n any contested action arising out of a contract, express or implied." Arizona courts have declined to extend this statute to tort causes of action brought between contractual parties. *Burkett*, 260 Ariz. 1, ¶¶ 14-15. As discussed above, generally when a client successfully brings a negligence claim against her attorney she is not entitled to fees under § 12-341.01 because the "cause of action does not depend on the existence of a contract" and instead is predicated upon an independent duty of care lawyers owe to their clients. *Barmat*, 155 Ariz. at 523.

**¶30** Kimminau argues that because Hoopes's recoupment defense is grounded in negligence, she is ineligible to receive fees under § 12-341.01. However, the underlying cause of action in this case is Kimminau's own suit against Hoopes for breach of contract. Indeed, Hoopes did not attempt to bring an independent tort action against him, nor could she as the statute of limitations had run. *See* A.R.S. § 12-542. Because Kimminau's breach of contract action against Hoopes necessarily depended on the existence of a contract, and she was the successful party in the litigation, the court acted within its discretion when it awarded Hoopes her attorney fees under this statute. *See* § 12-341.01(B) ("The award of reasonable attorney fees pursuant to this section should be made to mitigate the burden of the expense of litigation to establish . . . a just defense."); *see also In re Drummond*, 257 Ariz. 15, ¶ 5 (2024) ("Absent ambiguity, we interpret statutes according to their plain language.").

## VI. Attorney Fees on Appeal

**¶31**        Hoopes requests an award of her appellate attorney fees under § 12-341.01.  In our discretion, we grant her request.  Because Hoopes is the successful party on appeal, she is also entitled to her appellate costs upon compliance with Rule 21, Ariz. R. Civ. App. P.  *See* A.R.S. § 12-341.

## Disposition

**¶32**        For the foregoing reasons, we affirm the trial court's judgment.